UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHRIS SPAW,

      Plaintiff,

v.                                                                    Case No. 25-cv-2475-JWL-JBW

CORTROL PROCESS SYSTEMS, LLC,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Cortrol Process Systems, LLC's Motion to

Compel Production of Documents (Dkt. 54). Pursuant to Fed. R. Civ. P. 37(a)(3)(B), Defendant

requests the Court enter an order compelling Plaintiff to produce responsive documents to

Defendant's Requests for Production Nos. 1, 2, and 7 in its Third Request for Production to

Plaintiff ("RFPs"). Plaintiff opposes the motion. For the reasons explained below and at the Pretrial

Conference, Defendant's Motion to Compel (Dkt. 54) is DENIED.

## I.    Procedural Background

This action was removed to this Court on August 18, 2025 (Dkt. 1). Plaintiff asserts a single

claim of breach of contract.[1] Plaintiff was employed by Defendant as a Senior Sales Engineer for

four years. During Plaintiff's employment, part of his compensation was commission-based.

Under the commission plan, Plaintiff was to be paid a percentage of the gross profit that Defendant

realized from certain invoices. The percentage of commissionable gross profit Plaintiff was

entitled to receive depended on the gross profit and the gross margin of the project. The percentage

---

[1] Plaintiff's Petition originally contained a second count, seeking declaratory relief. In the Pretrial
Order (Dkt. 62), Plaintiff dismissed his claims for declaratory relief.

was calculated based on several factors, including: (1) whether certain activities occurred in Plaintiff's sales area for the invoices, (2) the salesperson's year-to-date gross profits, and (3) Defendant's gross profit margin on the invoices. This lawsuit concerns two specific projects, the Prospect Lake and Shady Hills projects, for which Plaintiff alleges he was owed commissions under the commission plan.

On April 1, 2026, Plaintiff served an expert disclosure identifying himself as a non-retained expert witness. Plaintiff states in his expert disclosure he may be called to testify regarding the following subject matters: (1) the job duties and responsibilities of a Senior Sales Engineer at Cortrol Process Systems, LLC; (2) the commission plan(s) in place during his employment with Cortrol Process Systems, LLC; (3) the application of the commission plan(s) to the Prospect Lake Project, including change orders to said project; and (4) the application of the commission plan(s) to the Shady Hills Project, including change orders to said project.[2] Plaintiff claims identifying himself as an expert witness was done solely out of an abundance of caution. Plaintiff believes his testimony at trial will be factual in nature, based on his own firsthand knowledge and experience as Defendant's employee, but states that he worried Defendant would argue his testimony about what he was paid, or what he believes should have been paid, under his compensation plan, constitutes expert opinion, rather than fact.

On April 15, 2026, Defendant propounded RFPs to Plaintiff, seeking, in relevant part, any communications between counsel and Plaintiff, in his role as an expert witness, regarding his analysis, evaluation, or opinions he is expected to offer at trial for the time period that Plaintiff was designated as a non-retained expert. Plaintiff served his responses on April 29, 2026. In

---

[2] Plaintiff's Expert Disclosure, Dkt. 54-2.

relevant part, Plaintiff objected to the following requests on attorney-client privilege and work product grounds[3]:

> **RFP No. 1.** All communications between Plaintiff, the Expert Witness, and DLM Law from April 1, 2026, to present, containing or in any way relating to the Expert Witness's analysis, evaluation, or opinions on the topics on which Expert Witness has been designated to testify.

> **RFP No. 2.** Any document the Expert Witness created or contributed to at the direction of, or with, Plaintiff and/or DLM Law from April 1, 2026, to present regarding the formation, content or support for subjects on which the Expert Witness has been designated to testify.

> **RFP No. 7.** All communications between Plaintiff, the Expert Witness, and DLM LAW regarding the document produced at SPAW_000998, from April 1, 2026, to present.

On May 6, 2026, Plaintiff's deposition went forward. With respect to the document identified in RFP No. 7, Plaintiff testified that he created it, described what the document shows, and detailed his methodology for creating the document. Plaintiff testified that he personally performed the calculations set out in the document and that no one, including his lawyers, assisted with the calculations.

After a pre-motion telephone discovery conference with the Court pursuant to D. Kan. Rule 37.1(a) failed to resolve the dispute over the RFPs, Defendant timely filed its motion on May 29, 2026, requesting an order compelling Plaintiff to produce documents responsive to the RFPs (Dkt. 54), which Plaintiff opposed on June 5, 2026 (Dkt. 55).[4] Defendant filed a reply on June 10, 2026

---

[3] The Court notes Plaintiff also objected on the basis the term "Expert Witness" was ambiguous. Neither of the parties address this objection in their briefing on the Motion to Compel, and the Court finds the objection to be abandoned.

[4] As discussed with the parties at the pretrial conference, Plaintiff's opposition brief violates D. Kan. Rules 5.1(a) and 7.1(d)(1). Rule 7.1(d)(1) provides that principal briefs in support of, or in response to, discovery-related motions must not exceed 10 pages. The as-filed version of Plaintiff's brief (Dkt. 55) is 10 full pages. However, to the Court's eye, it appeared that Plaintiff significantly compressed the font in order to meet that page limit. The Court requested that the parties submit Word versions of their briefs to the Court, and then confirmed that all font in Plaintiff's brief had been compressed by .5 pt. Rule 5.1(a)

(Dkt. 56). The Court heard argument on the motion at the June 18, 2026 pretrial conference.

## II.    Legal Standards

Fed. R. Civ. P. Rule 26 explicitly protects communications between a party's attorney and reporting experts.[5] The Rule, however, is silent as to communications between a party's attorney and non-reporting experts. The advisory committee's notes to the 2010 amendment provide:

> The protection is limited to communications between an expert witness required to provide a report under Rule 26(a)(2)(B) and the attorney for the party on whose behalf the witness will be testifying, including any "preliminary" expert opinions . . . . The rule does not itself protect communications between counsel and other expert witnesses, such as those for whom disclosure is required under Rule 26(a)(2)(C). The rule does not exclude protection under other doctrines, such as privilege or independent development of the work-product doctrine.

The Tenth Circuit has been silent as to the issue of disclosure of communications between non-reporting experts and counsel, and there is limited caselaw on hybrid fact and non-reporting expert witnesses. The seminal case that first analyzed this issue was *United States v. Sierra Pacific Industries*.[6] Two courts within the Tenth Circuit have applied the *Sierra Pacific* analysis to challenges over communications between counsel and non-reporting experts.[7] The court in *Sierra Pacific* explained that the Federal Rules committee "did not intend that such communications with

---

provides that all briefs submitted for filing in this District must be "double-spaced, in no less than 12-point (10-point for footnotes), Times New Roman or similar, <u>uncompressed</u> font." (emph. added). When the font in Plaintiff's brief is uncompressed, as required by Rule 5.1(a), the brief swells to 11 pages. Rule 5.1(a) provides that the Court may strike any filing that does not substantially comply with the spirit of these requirements. The Court exercises its discretion and declines to strike Plaintiff's brief, but cautions counsel that going forward, full compliance with the Local Rules with regard to form of pleadings and papers will be required.

[5] *See* Fed. R. Civ. P. 26(b)(4)(C).

[6] No. CIV S-0902445-KJM-EF, 2011 WL 2119078 (E.D. Cal. May 26, 2011).

[7] *See Pipeline Prods., Inc. v. Madison Companies, LLC*, No. 15-4890-KHV-ADM, 2019 WL 3973955 (D. Kan. Aug. 22, 2019); *Garcia v. Patton*, No. 14-CV-01568-RM-MJW, 2015 WL 13613521 (D. Colo. July 9, 2015).

non-reporting expert witnesses be discoverable in all cases."[8] Consequently, courts have largely declined to adopt a bright-line rule that designating an individual as a non-reporting expert results in automatic waiver of any privilege. Indeed, the court in *Sierra Pacific* declined "to hold that designating an individual as a non-reporting expert witness waives otherwise applicable privileges and protections in all cases, or even for all cases involving non-reporting employee expert witnesses."[9] Instead, the Court must consider the particular factual scenario and policy considerations when determining whether designating an individual as a non-reporting expert waives otherwise applicable privileges and work product protections "to prevent, or at any rate expose, attorney-caused bias."[10] Courts have taken various approaches to the issue, and considered many factors that counsel for or against waiver, such as: "the nature of the expert's profession and whether they wear a cloak of independence and lack of bias; whether the testimony is primarily factual, and not opinion; and whether there are case-specific concerns about gamesmanship."[11]

In this instance, Plaintiff claims the documents are protected from disclosure on the basis of the attorney-client privilege and the work product doctrine. The essential elements of the attorney-client privilege are: "(1) Where legal advice is sought (2) from a professional legal advisor in his capacity as such, (3) the communications made in the course of that relationship (4) made in confidence (5) by the client (6) are permanently protected (7) from disclosures by the client, the

---

[8] *United States v. Sierra Pacific Industries*, No. CIV S-0902445-KJM-EF, 2011 WL 2119078, at *7 (E.D. Cal. May 26, 2011).

[9] *Id*. at *10.

[10] *Id.*

[11] *KISS Nail Prods., Inc. v. Ardell Int'l, Inc.*, No. 2:25-CV-02793-SVW-MBK, 2026 WL 180031, at *6 (C.D. Cal. Jan. 22, 2026).

legal advisor, or any other witness (8) unless the privilege is waived."[12] Parties objecting to discovery on the basis of the attorney-client privilege bear the burden of establishing that it applies.[13]

Federal law governs the work product doctrine in federal court. The party asserting work product protection bears the burden to demonstrate that it applies.[14] In order to establish work product protection, the party must how that (1) the materials sought are documents or tangible things; (2) they were prepared in anticipation of litigation or for trial; and (3) they were prepared by or for a party or a representative of that party.[15] A party can overcome protection under this doctrine by showing the requested materials are (1) otherwise discoverable; and (2) that it has a substantial need for the materials and it cannot obtain the substantial equivalent without undue hardship.[16]

## III.    Analysis

### a. Plaintiff's Designation as a Non-Retained Expert Did Not Automatically Waive Protections Over Communications

Defendant argues that Plaintiff's designation as a hybrid fact/non-retained expert witness waives any applicable protections over communications on the topics of his expert testimony. The Court disagrees and declines to adopt such a bright line rule. Likewise, the Court also declines to find that Plaintiff cannot waive privilege by designating himself as a non-reporting expert. The

---

[12] *ERA Franchise Sys., Inc. v. N. Ins. Co. of New York*, 183 F.R.D. 276 (D. Kan. 1998) (quoting *State v. Maxwell*, 691 P.2d 1316, 1319 (1984)).

[13] *Id.*

[14] *In re Grand Jury Proceedings*, 616 F.3d 1172, 1185 (10th Cir. 2010).

[15] Fed. R. Civ. P. 26(b)(3).

[16] Fed. R. Civ. P. 26(b)(3)(A).

Court must make its determination in light of a case-specific analysis addressing, among other factors, the risk that a particular witness's testimony could be infected by attorney-caused bias that would otherwise be concealed by the factfinder.[17]

### b.  Defendant's Policy-Based Waiver Argument Fails Under *Sierra Pacific*

Defendant's main argument in support of its motion stems from its belief it is entitled to Plaintiff's communication with counsel to determine whether his counsel's influence or bias bleeds into his testimony. Defendant argues that Plaintiff will merely parrot his counsel's arguments around damages as his expert opinion. Defendant argues discovery into such influence by counsel, and Plaintiff's factual knowledge of the issues in this case, implicate important policy considerations that the court in *Sierra Pacific* found to justify a waiver of privilege and work product protection.

Plaintiff argues this Court should decline to adopt and follow the framework set forth in *Sierra Pacific*, and should instead follow the approach taken in *Advanced Magnesium Alloys Corp. v. Dery*.[18] In *Dery*, the court found the reasoning in *Sierra Pacific* to be faulty, given the court relied upon cases that did not involve non-reporting experts.[19] The court in *Dery* instead found "[p]olicy reasons alone cannot be the basis for finding waiver of attorney-client privilege or work product protection."[20] Further, Plaintiff argues even if the Court were to apply the *Sierra Pacific*

---

[17] *See United States v. Sierra Pacific Industries*, No. CIV S-0902445-KJM-EF, 2011 WL 2119078, at *10 (E.D. Cal. May 26, 2011).

[18] No. 1:20-CV-02247-RLY-MJD, 2022 WL 16743623 (S.D. Ind. Nov. 7, 2022).

[19] *Id*. at *5.

[20] *Id*. at *7.

framework, Defendant fails to advance a sufficient policy reason for waiver of attorney-client privilege or the work product doctrine.

Regardless of whether the Court applies *Sierra Pacific* or *Dery*, and even if there are cases in which the nature of the hybrid fact/non-retained expert witness or their testimony may warrant discovery into otherwise privileged information, there are no compelling factors to warrant such discovery here. The Court agrees that Plaintiff is a hybrid fact/expert witness and undoubtedly has knowledge of the facts at issue in the litigation. However, Defendant has failed to show how "hybrid experts fit the profile of the type of witness disclosures contemplated in *Sierra Pacific* that would justify a waiver of privileges."[21] The cases Defendant cites where courts found waiver, including *Sierra Pacific*, involved party-representative witnesses or closely related non-parties whose interest in the litigation would not be readily apparent to the jury. In those cases, the courts found waiver of privilege was necessary to expose hidden bias the jury may not otherwise perceive. There is no such risk here. Plaintiff was employed by Defendant for four years. Most significantly, he is the party bringing the action. Of course he has a vested interest in the outcome of the matter, and particularly the amount of damages. And this would be readily apparent to the jury.[22] There is no risk of the bias of Plaintiff himself being hidden from the jury.

---

[21] *Anderson v. Boyne USA, Inc.*, No. CV 21-95-BU-BMM, 2025 WL 1475529, at *3 (D. Mont. Feb. 11, 2025).

[22] *Anderson v. Boyne USA, Inc.*, No. CV 21-95-BU-BMM, 2025 WL 1475529, at *3 (D. Mont. Feb. 11, 2025); *KISS Nail Prods., Inc. v. Ardell Int'l, Inc.*, No. 2:25-CV-02793-SVW-MBK, 2026 WL 180031, at *7 (C.D. Cal. Jan. 22, 2026). *See also Ayotte v. Nat'l Basketball Ass'n*, No. 22-CV-9666 (VSB) (RWL), 2024 WL 3409027, at *3 (S.D.N.Y. July 15, 2024) ("All else being equal, treating physicians wear a cloak of independence and lack of bias as compared to retained experts. Treating physicians also are different from some other types of non-retained witnesses such as party employees who have built-in biases.").

Further, the Court has reviewed Plaintiff's deposition testimony, showing he was extensively questioned regarding his commission calculator, damages, and how those damages were determined. Plaintiff was also asked whether his lawyers assisted him in making his damages calculation, to which he replied "no."[23] Defendant has not been prevented from ascertaining the information it needs to defend against Plaintiff's claims.

Additionally, the Court rejects Defendant's argument Plaintiff disclosed himself as an expert witness as a form of gamesmanship. Plaintiff concedes that the expert designation was done out of an abundance of caution, and it does not appear to the Court that Plaintiff's expert designation was nefarious. If Defendant believes Plaintiff's designation was made strictly to shield the communications from discovery and Plaintiff is not properly qualified as an expert witness, that issue would be more appropriately put in front of the Court in the form of a *Daubert* motion.

Finally, Defendant has failed to meet its burden to overcome work product protections pursuant to Fed. R. Civ. P. 26(b)(3)(A)(ii). Defendant has not shown that there is a substantial need for the material to prepare its case. Defendant only asserts it needs the communication to "effectively cross examine Plaintiff on his putative expert opinions."[24] "This justification does not meet the substantial need and undue hardship test for ordinary work product . . . and thus falls far short of the extraordinary justification required for disclosure of attorney opinion work product."[25]

---

[23] Pl's Response to Def.'s Mot. to Compel Production of Documents, Ex. 4, Dkt. 55-4.

[24] Def.'s Mot. to Compel Production of Documents, Dkt. 54, p. 8.

[25] *In re Dep't of Energy Stripper Well Exemption Litig.*, No. CIV.A. 78-1513, 1988 WL 877684, at *5 (D. Kan. Sept. 27, 1988).

## IV.    Conclusion

While Plaintiff here may fall into the category of non-reporting expert witnesses that triggers the *Sierra Pacific* analysis, the Court finds Defendant has not advanced any persuasive policy reason that would support finding Plaintiff's communications with his counsel are not protected. Plaintiff's bias will be readily apparent to the jury, and Defendant has already substantively questioned Plaintiff about his damages calculation and his counsel's involvement in that calculation.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel Production of Documents (Dkt. 54) is DENIED.

**IT IS SO ORDERED.**

Dated June 23, 2026, in Kansas City, Kansas.

Jennifer   B.   Wieland
U. S. Magistrate Judge

10